No. 25,107.

G. H. LYTCH, *Appellee*, v. FRED W. FLEMING and FRANCIS M. WILSON, Receivers of the Kansas City Railways Company, *Appellants*.

SYLLABUS BY THE COURT.

NEGLIGENCE—*Collision—Automobile and Street Car—Auto Stalled on Street-car Track—Negligence Question of Fact for Jury*. In an action for damages for injuries sustained by being struck by a street car while plaintiff was attempting to crank his Ford car, which was stalled on the street-railway track at a street intersection, the evidence examined and held to present jury questions of fact touching defendants' negligence and plaintiff's contributory negligence, and *held* that defendants were not entitled to judgment on the special findings nor to have the special finding of defendants' negligence set aside.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed March 8, 1924. Affirmed.

*E. S. McAnany, M. L. Alden, T. M. Van Cleave, O. L. Miller,* and *C. C. Glandon,* all of Kansas City, for the appellants.

*J. K. Cubbison, William G. Holt,* and *J. K. Cubbison, jr.,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff recovered damages for injuries sustained by being struck by defendants' street car at a street crossing in Kansas City.

The circumstances were these: Central avenue in Kansas City runs mainly east and west. Harrison street runs into Central avenue from the south. About 1:30 a. m., one night, the plaintiff was driving northward on Harrison street in an old Ford car. As he turned into Central avenue, headed partly towards the west, his engine stopped. He got out to crank it, and while tinkering with his engine, working with the crank and testing the machinery, a street car came from the west and struck and injured the plaintiff. The other material facts are developed in the jury's special findings:

"1. For what distance west of Harrison Street and Central is the street car track straight? Answer: Between 600 and 800 feet.

"2. For what distance could the plaintiff, standing on the south track at or near Harrison and Central Avenue, see the street car approaching from the west? Answer: About 700 feet.

"3. For what length of time was the plaintiff standing upon the south track without looking to the west for an approaching car? Answer: Two minutes.

"4. Had the plaintiff looked to the west, could he have seen the approaching car and stepped from the track in time to have avoided the accident? Answer: Yes.

"5. Was there anything to prevent the plaintiff from seeing the approaching street car in time to have stepped from the track and avoided the injury? Answer: No.

"6. Was there anything between the street car and the plaintiff that obscured the view, or prevented either from seeing the other? Answer: No.

"7. At what rate of speed was the street car moving when the motorman first saw the plaintiff upon the track? Answer: Ten to thirteen miles.

"8. Within what distance can a car of the 1100 type be stopped, when coasting at the rate of speed you find in answer to question No. 7, under the circumstances of this case, with reference to condition of the rails? Answer: Twenty-two to thirty feet.

"9. Do you find the defendants guilty of any negligence? If so, what act or acts constituted said negligence? Answer: Was not keeping proper lookout."

General verdict and judgment for plaintiff.

Defendants assign error in overruling their demurrer. to the evidence, in overruling their motion to set aside finding No. 9, and in overruling their motion for judgment on the special findings.

It is argued, first, that no negligence of defendants was shown. The plaintiff's automobile was stalled on the track. It was in plain sight. The plaintiff was tinkering with it to get it started. He, too, was in plain sight. If the defendants' motorman had been giving any attention to his business, he could not have failed to see plaintiff. That he did not see him in ample time to stop the street car was evidence of negligence. But it is said that the night was

misty. There was plenty of evidence to the contrary, and that the street and intersection were well lighted. But even if the night had been misty and the motorman's range of vision had consequently been shortened, that fact would merely have called for greater vigilance on his part to keep his car under such control as to be able to stop it within such shortened range of vision if need should require. Of course the motorman could not anticipate that plaintiff's car would be stalled at the street intersection, but he could and should have kept a lookout to reasonably assure himself that the railway track at the intersection was or would be clear by the time his street car would reach it.

It is next urged that the special findings established the contributory negligence of the plaintiff. By finding No. 3 it is found that for a space of two minutes the plaintiff did not look for an approaching street car. Was that negligence on his part? A jury might have said that it was; but the question is, can the court say so as a matter of law? We think not. The two-minute interval was a mere estimate—the plaintiff's own testimony. The plaintiff owed a duty to himself to look frequently for a street car, but he also owed an urgent duty to defendants to get his automobile off the track so as not to impede the defendants' street-car traffic. He might err in judgment as to how often he should halt his efforts to crank the Ford in order to look for a street car, and yet not be necessarily guilty of contributory negligence. Plaintiff could not have anticipated that the motorman would not be keeping a proper lookout, or that the motorman would fail to see him diligently striving to crank the Ford so as to get it out of the way of the street car. The court cannot say that either the special findings or the evidence necessarily established the plaintiff's contributory negligence so as to make the question solely one of law and not one for the jury's consideration.

Error is assigned on the trial court's refusal to set aside finding No. 9. That was not error; if there was any fact well-established in this lawsuit—by the testimony, by the circumstances, and by the consequences—it is the fact that the motorman was not keeping a proper lookout. If he had been, this collision would never have occurred.

The record discloses no well-founded basis for disturbing the judgment. It is therefore affirmed.

HARVEY, J., dissenting.